**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CIVIL ACTION NUMBER** 2:11-1659-DCN

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERICAN HOME MORTGAGE CORPORATION**
                              Plaintiff,

v.

**STEWART TITLE GUARANTY COMPANY,**
                              Defendant.

**COMPLAINT
(JURY TRIAL DEMANDED)**

**COMES NOW** Plaintiff, Deutsche Bank National Trust Company as Trustee for American Home Mortgage Assets Trust 2007-3 Mortgage Backed Pass-Through Certificates, Series 2007-3 d/b/a American Home Mortgage Corporation, (hereinafter "Plaintiff") by and through counsel, and complains and says of Defendant Stewart Title Guaranty Company as follows:

**PARTIES, JURISDICTION AND VENUE**

1.     Deutsche Bank National Trust Company is a national banking association organized and existing pursuant to the laws of New York, with its principal place of business located at 300 South Grand Avenue, Los Angeles, California.

2.     Upon information and belief, Defendant Stewart Title Guaranty Company ("Defendant" or "Stewart Title") is a corporation organized and existing pursuant to the laws of Texas, with its principal place of business in Texas.

1

3. Stewart Title issued the policy of title insurance that is the subject matter of this action.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of the parties, and the amount in controversy exceeds $75,000.

5. The policy of title insurance that is the subject matter of this action was issued to Plaintiff to insure title to property located at 997 Harts Bluff Road, Wadmalaw Island, Charleston County, South Carolina.

6. This Court has jurisdiction over the subject-matter of this action.

7. This Court has personal jurisdiction over the Defendant named above.

8. Venue is proper in Charleston Division of the United States District Court for the State of South Carolina.

## MATERIAL FACTS

9. On or about February 9, 2007, Marjorie E. Schramm and William O. Baker ("Borrowers") executed and delivered to Plaintiff a note in the amount of Five Hundred Sixty Thousand ($560,000.00) Dollars (the "Note") for the refinance of property located at 997 Harts Bluff Road, Wadmalaw Island, Charleston County, South Carolina (the "Property").

10. On or about February 9, 2007, to secure payment of the Note, Borrowers executed and delivered to Plaintiff a Mortgage on the Property.

11. At the time of the loan, Defendant, through its agent, issued Title Insurance Policy Number U-9523-45533 (the "Policy") on the Property insuring that the Property was free and clear of all liens and encumbrances except for those matters specifically excepted to in said

2

policy and identifying the Plaintiff, the mortgage lender, and/or its successors and assigns as the insured. A copy of the Policy is attached as Exhibit A.

12. The Policy referenced "Final Plat Wadmalaw Sound a Portion of Oakhart Plantation Wadmalaw Island Charleston County, South Carolina Plat of Lots 1-13; prepared by E.M. Seabrook, Jr., Inc. dated January 30, 1990, revised February 22, 1990 and recorded in the RMC Office for Charleston County in Plat Book BY, page 151" (the "1990 Plat").

13. Among the exceptions set forth in Schedule B of the Policy was exception number 14, which specifically provided:

> Area reserved for cemetery as shown on a Final Plat of Wadmalaw Sound dated January 30, 1990, revised February 22, 1990 and recorded in the RMC Office for Charleston County in Plat Book BY, page 151.

14. At the time of the Note and Mortgage, the Plaintiff was not aware that any burial sites were located outside the boundaries of the portion of the property designated as a cemetery on the 1990 Plat.

15. Beginning in June, 2008, the Borrowers ceased payments and defaulted on the Note and Mortgage.

16. Plaintiff filed a foreclosure action in the Charleston County Court of Common Pleas on September 9, 2008.

17. In or around November 21, 2008, the Plaintiff received a letter from William Baker indicating that the Property contained a large number of burial sites outside of the platted cemetery and could not be used as residential property.

18. The property was foreclosed upon in the County of Charleston on June 15, 2010.

19.     During the foreclosure process, Plaintiff learned that the Property had been previously investigated over a period of five years or more in conjunction with prior litigation to which Stewart Title was a party.

20.     At all relevant times including at the time of the issuance of the subject policy attached hereto as Exhibit A, the Defendant had actual knowledge of the burial sites contained throughout the Property and outside of the platted graveyard on the 1990 plat.

21.     Although it had actual knowledge of the existence of graves outside of the platted cemetery, Stewart Title never disclosed the existence of the burial sites to the Plaintiff.

22.     Even though Defendant knew of the graves on the property beyond the cemetery, the loss of value on the property, and the fact that the property could not be used as a residence, Defendant issued a title policy that provides coverage for title defects arising from unmarked grave sites.

### FOR A FIRST CAUSE OF ACTION
**(Declaratory Judgment)**

23.     Plaintiff repeats and realleges all preceding Paragraphs as if fully set forth herein.

24.     This action is brought pursuant to 28 U.S.C. §2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure.

25.     The loss resulting to the Plaintiff is covered by the Policy issued to the Plaintiff.

26.     The Plaintiff has complied with all of the conditions and obligations set forth in the Policy.

27.     Plaintiff is entitled to a declaration that Stewart Title is obligated to indemnify Plaintiff's actual loss.

28.     Further, Plaintiff is entitled to the recovery of their costs and attorneys' fees in the present declaratory judgment action in the manner set forth and as provided by <u>Gordon Gallup</u>

4

Realtors v. Cincinnati Ins. Co. 274 S.C. 468, 265 S.C. 468, 265 S.E.2d 38 (1980) and Hegler v. Gulf Ins. Co., 270 S.C. 548, 550, 243 S.E.2d 443, 444 (1978).

## FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

29. Plaintiff repeats and realleges all preceding Paragraphs as if fully set forth herein.

30. Defendant entered into a binding contract for title insurance on February 9, 2007, pursuant to which Defendant agreed to indemnify Plaintiff in case of the loss of value of the Property because of any defect in the title.

31. The policy contains an exception for easements or servitudes contained in the public records.

32. The 1990 Plat was contained in the public records and was referenced in the Policy and contains the only platted cemetery of which Plaintiff was aware.

33. As a result of the burial sites located on the Property, outside of the bounds of the platted cemetery, the Property has no value.

34. The burial sites located outside of the bounds of the platted cemetery are not a recorded servitude.

35. Plaintiff has complied with all of the conditions and obligations set forth in the title policy referenced above.

36. Despite Plaintiff's claim, Defendant has refused to pay the amount due under the Policy.

37. Defendant has breached its contract with the Plaintiff.

38. Plaintiff is damaged in the amount of its actual loss plus prejudgment interest and costs of this action.

**FOR A THIRD CAUSE OF ACTION**
**(Contractual Bad Faith- Violation of S.C. Code §38-59-40)**

39. Plaintiff repeats and realleges all preceding Paragraphs as if fully set forth herein.

40. The Plaintiff's loss is covered by the Policy issued by the Defendant Stewart Title on the Property.

41. Defendant has refused to pay the claim within 90 days after a demand has been made by the Plaintiff.

42. The refusal to pay was in reckless disregard of the Plaintiff's rights, without reasonable cause, in bad faith, and in violation of the provisions of S.C. Code §38-59-40.

43. The Defendant is damaged in the amount of its actual loss, prejudgment interest, the costs of this action and reasonable attorneys' fees.

**FOR A FOURTH CAUSE OF ACTION**
**(Bad Faith Failure to Pay- Tort)**

44. Plaintiff repeats and realleges all preceding Paragraphs as if fully set forth herein.

45. The Defendant owed to the Plaintiff the duty of good faith pursuant to the common law of South Carolina.

46. The Plaintiff has suffered a loss due to the presence of an extensive number of burial sites outside of the area marked as a cemetery on the 1990 Plat.

47. The Property has no value.

48. The Plaintiff's loss is covered by the Policy issued by the Defendant Stewart Title on the Property.

49. The refusal of the Defendant to pay first-party benefits under the Policy is unreasonable and in bad faith in breach of the implied covenant of good faith and fair dealing for the following reasons:

    a. Defendant failed to provide Plaintiff with any reasonable or justifiable basis for denying Plaintiff's claim;

    b. Defendant failed to reasonably investigate the subject claim;

    c. Because of its involvement with the Borrowers' Title Claim, Stewart Title was aware of the presence of the burial sites and failed to disclose that fact to the Plaintiff at the time the Policy was issued;

    d. Defendant failed to adopt and implement reasonable standards for the prompt investigation and settlement of the claim; and

    e. Defendant failed to adopt and implement reasonable standards for writing subsequent policies on the same properties without notification to the insured of prior claims.

50. As a direct and proximate result of the conduct of the Defendant, the Plaintiff has suffered damages as follows:

    a. Withheld benefits;

    b. Attorneys' fees and litigation expenses; and

    c. Other damages in an amount to be proven at trial.

51. The Defendant's actions were willful and the Defendant acted with reckless disregard for the Plaintiff's rights. The Plaintiff is informed and believes that it is entitled to all appropriate damages including punitive damages.

**WHEREFORE**, Plaintiff prays for an Order of the Court declaring that Stewart Title must fully indemnify Plaintiff for any and all losses arising out of the title defect or encumbrance and awarding costs and fees to the Plaintiff; an award of all appropriate damages (actual and punitive) as a judge and jury may determine under the law and facts to be proven at trial; an

award of attorneys' fees pursuant to S.C. Code Ann § 38-59-40 and the common law of South Carolina; an award of prejudgment interest pursuant to S.C. Code Ann § 34-31-20(a); for an award of post judgment interest pursuant to S.C. Code Ann § 34-31-20(b); and for the costs of this action and for such other and further relief as this honorable Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

/s/ J. Rutledge Young, III
J. Rutledge Young, III (Fed. Bar No. 7260)
ryoung@duffyandyoung.com
Lee Anne Walters (Fed. Bar No. 10243)
lwalters@duffyandyoung.com
DUFFY & YOUNG LLC
96 Broad Street
Charleston  SC  29401

(843)720-2044  Telephone
(843)720-2047  Fax

ATTORNEYS FOR PLAINTIFF

Charleston, SC
July 8, 2011

8