IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Deutsche Bank National Trust Company As Trustee for American Home Mortgage Corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Stewart Title Guaranty Company,<br><br>　　　　　Defendant. | Case No. 2:11-cv-1659-DCN<br><br><br>**Defendant's Motion for Summary Judgment** |

TO: J. RUTLEDGE YOUNG, III, ESQUIRE, AND LEE ANNE WALTERS, ESQUIRE, ATTORNEYS FOR PLAINTIFF:

YOU WILL PLEASE TAKE NOTICE that Defendant Stewart Title Guaranty Company ("Stewart" or "Defendant"), by and through its undersigned counsel, will move before The Honorable David C. Norton, District Judge, United States District Court, District of South Carolina, Charleston Division, at such place and time as the Court may appoint, for summary judgment on all causes of action filed by Plaintiff Deutsche Bank National Trust Company as Trustee of American Home Mortgage Corporation ("Plaintiff" or "Deutsche Bank") against Defendant in this matter. This motion is filed pursuant to Rule 56(a) of the Federal Rules of Civil Procedure and is based on the following grounds, as further set forth in the Memorandum attached hereto and incorporated herein by reference:

1.　　Plaintiff has no right to recover on the lender's title insurance policy issued by William R. Hearn, Jr., doing business as WRH Title Insurance Agency, because there is no third party claim being asserted with respect to the insured property.

2. Plaintiff has no right to recover on the lender's title insurance policy issued by Hearn because the Plaintiff failed to pursue the debt secured by the subject mortgage by collecting on the note or by timely requesting a deficiency judgment against the borrowers. This failure not only negated the Plaintiff's right to recover under the policy but also prejudiced Stewart's subrogation rights.

3. As a matter of law, the final title insurance policy issued by Hearn was an "oversight" that fails to conform to the intent of the parties. The parties unequivocally agreed to include certain Standard Exceptions to coverage in the final title policy. These Standard Exceptions preclude recovery by the Plaintiff.

4. As a matter of law, there is no duty by a title insurer to disclose purported title defects on a property to a lender. A title insurance policy is one of indemnity. It does not guarantee that there are no defects with the property, nor does it affirmatively represent the condition of the property. Instead, subject to the terms, conditions and exceptions of the policy, it insures against actual loss caused by a covered title insurance defect.

WHEREFORE, Defendant moves that this Court enter summary judgment in its favor with respect to the Plaintiff's causes of action for declaratory relief, breach of contract, contractual bad faith, and bad faith failure to pay, as well as the Defendant's cause of action for reformation, and for such other and further relief in favor of the Defendant as the Court may deem just and proper.

Respectfully Submitted,

PRATT-THOMAS WALKER, P.A.

/Daniel S. McQueeney, Jr.
G. Trenholm Walker (Fed ID #4487)
Daniel S. McQueeney, Jr. (Fed ID #9987)

P.O. Drawer 22247
Charleston, SC 29413-2247
Tel: 843-727-2200
Attorneys for Defendant

April 25, 2012